## Albert Maas v. Herman Bonesz et al.

1. CHANCERY PRACTICE—*The Master's Findings Are Only Advisory to the Chancellor.*—A master in chancery is a ministerial officer, and the court alone can find, adjudge and decree so as to bind the parties and the subject-matter. The master's findings are only advisory to the chancellor.

Bill to Foreclose a Trust Deed.—Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed March 30, 1903.

SOL LEVISOHN and J. KENT GREEN, attorneys for plaintiff in error.

B. M. SHAFFNER, attorney for defendants in error.

MR. JUSTICE ADAMS delivered the opinion of the court.
Plaintiff in error filed a bill against Herman Bonesz,

Wilhelmina Bonesz and Frank A. Stauber, to foreclose a trust deed executed by Herman and Wilhelmina, his wife, to Frank A. Stauber, as trustee, to secure payment of certain promissory notes made by Herman and Wilhelmina Bonesz, among which notes is a note for the sum of $600, of date November 20, 1896, payable to the order of the makers (and by them indorsed) on or before five years after date, with interest at the rate of six per cent per annum, payable semi-annually, and evidenced by ten interest notes. Stauber, who formerly was in the real estate, mortgage and loan business in Chicago, had left the city, and his whereabouts was unknown. He was served by publication and defaulted.

The only question involved is whether or not the $600 note and interest has been paid. The defendants, makers of the note, claim that it was paid in full, including all interest due thereon, to Frank A. Stauber, the trustee. It is conceded by counsel for plaintiff in error that payment to the trustee, if made, was a valid payment, and we think this view is sustained by the facts in evidence.

The cause was referred to a master to take proofs and report, and the master found that the note had not been paid to the trustee, and overruled objections of the defendants, Herman and Wilhelmina Bonesz, to his finding, which objections were ordered to stand as exceptions on the hearing, and the court sustained the exceptions and found, among other things, that the $600 note and all interest due thereon was paid by said Herman and Wilhelmina to trustee Stauber, and so decreed.

We have carefully read and considered the evidence and the arguments of counsel, and are of the opinion that the finding of the court is sustained by the evidence, and is not contrary to the weight of the evidence. Counsel for plaintiff in error suggest that the report of the master on the question of payment is equivalent to the finding of a jury. If by this statement is meant that the court can not, or will not, set aside findings of fact by a master, unless manifestly against the weight of the evidence, we

can not concur in the statement.   In Ennesser v. Hudek, 169 Ill. 494, the court, in an elaborate opinion, citing numerous cases, holds that a master in chancery is a ministerial officer, and that "the court alone can find, adjudge and decree so as to bind the parties and the subject-matter. The master's findings are only advisory to the chancellor." Brueggstradt v. Ludwig, 82 Ill. App. 435, 451; Chicago Bill Posting Co. v. Schuster, 88 Ib. 513; Gould v. Wenstrand, 90 Ib. 127; Fairbury Agr. Board v. Holly, 169 Ill. 912.

The decree will be affirmed.